UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA HACKNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 2:20-cv-00424-JPH-MJD |
| | ) |
| DUSHAN ZATECKY, Warden of the | ) |
| Putnamville Correctional Facility. | ) |
| | ) |
| Respondent. | ) |

**Order Directing Substitution of Respondent,
Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Joshua Hackney petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISF 20-03-0336. For the reasons explained in this Order, Mr. Hackney's habeas petition must be **denied**.

### A.   Proper Respondent

Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the only proper respondent in a state habeas corpus action is the state official who has custody of the respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Webster v. Daniels*, 784 F.3d 1123, 1144–45 (7th Cir. 2015) (en banc). The **clerk is directed** to terminate the State of Indiana and I.D.O.C. as respondents, and to substitute "Dushan Zatecky, Warden of the Putnamville Correctional Facility," as the only respondent, as shown in the corrected caption of this Order.

### B.   Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

1

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974).

### C. The Disciplinary Proceeding

On March 14, 2020, Indiana Department of Correction (IDOC) Correctional Officer T. Hardy wrote a Report of Conduct charging Mr. Hackney with possession of intoxicants, a violation of the IDOC's Adult Disciplinary Process offense B-231. The Report of Conduct provides:

> On 3-14-20, at approx. 13:48 p.m., I, c/o T. Hardy/#485 was searching the bed area of offender Hackney, Joshua DOC 133473 in 185 bed 45 LC. While searching under the offender bed mat I located a rolled up paper with an unknown white powder-like substance. Based on my training and experience I believe this to be an intoxicant. The offender was offered a notice of confiscation, but refused to sign. A copy was given to the offender. The offender was IDed using his State issued wristband & advised of this conduct report.

Dkt. 6-1.

Mr. Hackney was notified of the charge on March 18, 2020, when he received the Screening Report. Dkt. 6-5. He pled not guilty to the charge, did not ask for witnesses, but requested the "offender provided evidence." *Id.*

A hearing was held on March 23, 2020. Dkt. 6-7. Mr. Hackney did not make a statement. *Id.* The disciplinary hearing officer (DHO) considered the "field test results," dkt. 6-4, which reported the substance taken from Mr. Hackney tested positive for methamphetamine. Dkt. 6-7.

He also considered the conduct report. *Id.* The DHO amended the charge to possession of a controlled substance, a B-202 offense, and found Mr. Hackney guilty. Sanctions imposed included the loss of earned credit time. *Id.*

Mr. Hackney appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 8, 9. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondent Warden filed his Return and the disciplinary record. Dkt. 6. Mr. Hackney did not file a reply.

**D. Analysis**

The only filing Mr. Hackney has made is his three-page petition filed on August 19, 2020. Dkt. 1. Three grounds for relief are listed, none with explanation or elaboration. First, Mr. Hackney asserts he was denied evidence. Dkt. 1 at 2, ¶ 12. Second, he asserts that officials "[d]idn't test any further." *Id.* Third, Mr. Hackney asserts there were no lab results. *Id.*

The Court understands these three grounds to raise the same issue: Were Mr. Hackney's due process rights violated when the substance found under his bed mat was not tested in a laboratory? Prisoners have no right to laboratory testing if the evidence is otherwise sufficient to support the DHO's decision. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing. Prison administrators are not obligated to create favorable evidence or produce evidence they do not have. Without a specific reason to doubt the field test—and no reason was suggested by Manley—the hearing officer could rely on the results of the field test.").

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v.*

3

*Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56.

In assessing whether there is *some* evidence the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"). The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941).

Here, the conduct report and field test provide *some* evidence to support the DHO's decision. The conduct report describes the circumstances in which Officer Hardy found the substance, how it appeared, and that based on his training and experience Officer Hardy believed it to be an intoxicant. The field test of the substance indicated it contained methamphetamine. Thus, "some evidence" supported the conclusion that Mr. Hackney possessed a controlled substance without need for further testing.

Mr. Hackney's petition for a writ of habeas corpus is without merit and is **denied**.

### E. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Hackney to the relief he seeks. Accordingly, Mr. Hackney's petition for a writ of habeas corpus must be **denied** and the action **dismissed** with prejudice.

The **clerk is directed** to terminate the State of Indiana and I.D.O.C. as respondents, and to substitute "Dushan Zatecky, Warden of the Putnamville Correctional Facility," as the only respondent, as shown in the corrected caption of this Order.

Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 5/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Joshua Hackney
133473
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Monika P. Talbot
Indiana Attorney General
monika.talbot@atg.in.gov